JIM DENISON v. THE STATE.

No. 3619.   Decided March 7, 1906.

**1.—Simple Assault—Amending Complaint—General Verdict.**

Where the defendant was prosecuted upon complaint charging aggravated assault by an adult male upon a female, and the State's attorney, upon discovering that the defendant was under 21 years of age, changed said complaint with consent of defendant's counsel, so as to embrace an allegation that the assault was made with premeditated design, etc., the original affiant swearing thereto; after conviction of simple assault by way of general verdict, the defendant in his motion for new trial raised objection to said change. Held, defendant not having been convicted of an aggravated assault but of a simple assault, which could have rested on either count, there was no error.

**2.—Same—Judge, Remarks by—Jury and Jury Law.**

Upon trial for assault, where the county judge went into the jury room for stationery while the jury were deliberating, and one of the jury asked him the meaning of a certain word in the charge, and the judge responded, that reference to the dictionary might throw some light on the word, there was no error; as the jury were authorized to examine the dictionary without such charge.

**3.—Same—Statement of Facts—Bill of Exceptions—Twenty-Day-Order.**

Upon an appeal from a conviction of assault, where the trial judge certified that a twenty-day order to prepare and file statement of facts and bills of exception were not needed, and it was not shown that the same could not have been prepared and filed during the term, there was no error.

Appeal from the County Court of Wichita.   Tried below before the Hon. Y. F. Yeager.

Appeal from a conviction of simple assault; penalty, a fine of $17.50.

The opinion states the case.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of simple assault, and his punishment assessed at a fine of $17.50. There is no statement of facts in the record. The first question relates to the change in the complaint. The circumstances attending said change are alleged to be as follows: The county attorney discovered about the time the case was to be tried that he could not sustain the prosecution under the count in the complaint and information on aggravated assault on the ground alleged, to wit: an assault by an adult male upon a female: the facts showing that appellant was only 19 years of age. He therefore was not willing to go to trial until the complaint was amended so as to place therein another count for aggravated assault. The attorney for defendant being anxious to proceed with the case agreed said complaint and information might be amended by adding thereto another count, to wit: embracing the allegation that the assault was made with premeditated design, and by the use of means calculated to inflict great bodily injury, etc., which was accordingly done, with the consent of the

appellant: it being understood that the complaint was to be sworn to as soon as they could get prosecutor, Gertie Denison, before the court, who lived some two miles from the courthouse; and it being alleged that she could be had by the time the court opened after dinner.   The amendment was made by consent as aforesaid, and the jury empaneled, and the plea of not guilty entered.   After dinner, Gertie Denison was brought in, and she was sworn to the complaint, and the trial then proceeded before the jury.   No objection was made to this procedure, and it appears to have been agreed to until after conviction, when appellant in motion for new trial first presented the question. . The facts on said presentation are shown as heretofore stated.   If appellant had been convicted of an aggravated assault, a very serious question would arise. But appellant having been convicted of a simple assault, and the verdict being general can be applied to either count.   The first count in the information having been sworn to before the trial was commenced, was certainly a good count for a simple assault and there is no necessity for us to decide the other question.

Appellant complains because he says the judge of the court went into the jury room, and gave them an instruction in his absence, without his authority or consent.   It is shown that after the jury had been out sometime deliberating, the county judge went into the jury room to get a blank for a school teacher.   While there, he was notified that the jury wished to speak to him about something.   Whereupon the juror asked the judge what was the meaning of the word "premeditated" as used in his charge.   The judge responded to the juror, that a reference to the dictionary might throw some light on the word.   This action of the judge was complained of.   We do not believe this was error.   The judge merely referred the juror to the dictionary, which without any such instruction, they were authorized to examine.

It is also insisted that the judgment should be reversed because the judge refused to give appellant a twenty-day order to prepare and file a statement of facts.   The judge certifies that no reason was given why so much time was needed or required; that the term of the court lasted until February 3rd, and it would be an easy matter to have prepared the record during the term.   It is not shown that the statement and bill of exceptions could not have been prepared and filed during the term of the court.   There was no error in this action of the court.

There being no error in the record, the judgment is affirmed.

*Affirmed.*